## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into this _____ day of _____, 2018 by and between Escive Aurice ("Plaintiff"), on one side, and Hibachi Grill, Inc. d/b/a Hibachi Asian Noodle Bar ("Hibachi"), and Adel Abu Nassar a/k/a Adel Abunassar (collectively, "Defendants") (collectively the "Parties").

**WHEREAS,** Plaintiff was employed by Hibachi;

**WHEREAS,** Plaintiff has alleged that he is owed damages and which claims are the subject of a lawsuit against the Defendants in the United States District Court for the Southern District of Florida **Case No.: 1:18-21488-civ-Cooke/Goodman** (the "Action");

**WHEREAS,** Defendants deny any and all liability for the claims asserted in the Action;

**WHEREAS,** the Parties now mutually desire to resolve any and all issues relating to the Action and generally between them;

**WHEREAS,** this Agreement is being made solely for the purposes of the settlement of the Action, and all other disputes between and among the Parties as set forth herein, and shall not act or be construed to act as an admission by any party as to the liability or validity of any claim or defense;

**WHEREAS,** prior to the signing of this Agreement, the Parties have had an opportunity to and in fact had counsel review this Agreement and explain their rights and obligations under and the legal effect of this Agreement;

**WHEREAS,** the Parties hereto have signed this Agreement of their own free will and volition, with the full recognition and understanding of their rights and obligations under and the legal effect of this Agreement; and

**NOW THEREFORE,** in consideration of the promises and covenants contained in this Agreement plus the mutual releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

**1.** **Recitals and Exhibits:** The foregoing recitals are true and correct and incorporated as terms of this Agreement.

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

**2.     Attorneys' Fees Underlying Litigation:** The Parties agree that each of them will be responsible for paying their own attorneys' fees, costs and expenses arising out of or connected with the Action and the preparation and execution of this Agreement.

**3.     Settlement Payment Terms.** The Defendants agrees to deliver to the Plaintiff, as full and complete settlement, Eight Thousand Five Hundred Dollars ($8,500.00) ("Settlement Amount"), issued to Plaintiff without tax deductions on a 1099 tax form and fees and costs in a 1099 tax form, subject to the completion of a W-9 by both parties, broken down as follows:

The first payment due on July 23, 2018 in the amount of $2,000.00 shall be paid by Defendants to Escive Aurice;

The second payment due on August 23, 2018 in the amount of $2,225.00 shall be paid by Defendants to Koz Law, P.A.;

The third payment due on September 23, 2018 in the amount of $2,000.00 shall be paid by Defendants to Escive Aurice;

The fourth and final payment due on October 23, 2018 in the amount of $2,225.00 shall be paid by Defendants to Koz Law, P.A.

Defendants shall submit payment via check. Payment via check must be delivered to: Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316. Out of the settlement proceeds, Plaintiff is receiving $4,000.00 and Plaintiff's counsel is receiving $4,500.00 as fees and costs._____

Payments are due as described in Paragraph 3 of this Agreement. If payment is not received on the due date, the Plaintiff shall provide written notice of the failure to pay via electronic mail to the Defendant that said payment has not been received. The notice must be sent via electronic message to: efile@thefirmmiami.com and aresnick@thefirmmiami.com.

The Defendants shall have five (5) business days after receiving notice of the default to cure the default. Should the last day that the payment to cure the default be due on a weekend or federal holiday, the payment will be due on the next business day.

**4.     Default by Defendants:** If a payment is not timely received, and the default is not cured after notice, Plaintiff, through counsel, shall notify Defendants and shall be entitled to the entry of a Final Judgment for the sum of $15,000.00 (Fifteen Thousand Dollars) less all payments made by Defendants above. Plaintiff may seek a Final Judgment by way of a motion without the necessity of a further hearing. The only defenses shall be proof of timely payment or Plaintiff's failure to  provide proper notice.

**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_E.A_ (Escive Aurice Initials)

5.     **No Additional Claims or Charges.**  Plaintiff and Defendants warrant and represent that they have no additional administrative charges, lawsuits, civil actions or claims of any kind pending against each other or Defendants' predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiff and Defendants agree to dismiss any other lawsuit or claim with prejudice with each side to bear their own fees and costs, without costs and waiving all rights of appeal. Plaintiff expressly acknowledges that he has been fully compensated for his claims and that, to the extent any administrative agency seeks further recovery, that he would not be entitled to any further compensation.

6.     **No Admissions.** This Agreement does not constitute an admission by the Defendants or any Released Parties (as defined below) of any wrongdoing with regard to Plaintiff's employment with or termination of said employment with Hibachi, of any violation of any federal, state or local law, ordinance or regulation or of any violation of Hibachi's policies or procedures or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing the Defendants or any Released Parties.

7.     **Release.** The Parties hereby agree to remise, release and forever discharge each other, including their respective shareholders, members, officers, directors, employees, agents, representatives, affiliate companies, contractors, personal representatives, successors, transferees and assigns, if applicable, of and from all actions, causes of actions, suits, debts, contracts, judgments, injuries, damages, claims and demands whatsoever, whether known or unknown, at law or in equity including, but not limited to, any liability or damages arising from or in connection with the Action or that could have been or was raised in the Action from the beginning of time through the date of this Agreement. Nothing in this release provision shall relieve any party of their obligations under this Agreement, or for any liability for breach of any term herein.

The disputes released by Plaintiff and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiff and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released by Plaintiff and Defendants also include any and all disputes they may have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort

Page 3 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiff and Defendants. Plaintiff and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants further acknowledge that they may later discover facts in addition to or different from those which they now know or believe to be true. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement; that they assume the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

Notwithstanding the forgoing the claims released by the Plaintiff against the Defendants, and their shareholders, members, officers, directors, employees, agents, representatives, affiliate companies, contractors, personal representatives, successors, transferees and assigns (the "Released Parties"), includes, but is not limited to, claims arising under federal, state or local laws prohibiting employment discrimination or claims arising out of any legal restrictions on the Company's rights to terminate its consultants, including without limitation of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991. Specifically, Plaintiff does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge the Released Parties from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, matured or unmatured, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated for wages, overtime pay, front or back pay, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against the Released Parties, including claims arising under or relating to any rights or claims arising under:

A. The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*
B. Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;
C. The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;
D. The Labor Management Relations Act of 1947;
E. The Equal Pay Act of 1963;

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

F.    The Occupational Safety and Health Act of 1970;
G.    The Rehabilitation Act of 1973;
H.    The Health Maintenance Organization Act of 1973;
I.    The Immigration Reform and Control Act of 1986;
J.    The Family and Medical Leave Act of 1993 ("FMLA");
K.    Executive Orders 11141, 11246, and 11375;
L.    42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;
M.    The Americans with Disabilities Act ("ADA");
N.    The Consolidated Omnibus Reconciliation Act ("COBRA");
O.    The Contractor Retirement Income Security Act of 1974 ("ERISA");
P.    The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;
Q.    The Miami-Dade County Human Rights Act;
R.    The Age Discrimination in Employment Act ("ADEA");
S.    The Internal Revenue Service Code;
T.    Chapter 448, Florida Statutes;
U.    Any claim for defamation;
V.    Any federal, state or local laws prohibiting employment discrimination;
W.    Any claims arising from alleged harassment, negligence or intentionally tortious conduct by the Released Parties occurring through the day of this release;
X.    Any claims for breach of contract, breach of fiduciary duty, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, misrepresentation, libel, slander or invasion of privacy occurring through the day of this release; and
Y.    Any claims for damages, injuries, illnesses, worker's compensation, or complications now known or that may later be discovered, including all effects and consequences thereof.

The listing of specific types of claims as set forth above and herein ("Claims") is not intended to limit in any way the general and comprehensive scope of this release from Plaintiff to the Released Parties. Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all Claims against the Released Parties, whatsoever, including but not limited to those arising out of or in any way connected with the employment or engagement of Plaintiff, at any time, from the beginning of the world to the date of execution by this Agreement. Plaintiff further agrees that he will not file any claim or join in any claim as an individual or as a member of a class in any federal, state or local court or agency in regards to the Released Parties, but nothing herein shall be construed as any form of a bribe or other hindrance to give truthful testimony pursuant to a subpoena, lawful discovery request, or court order. Plaintiff recognizes that no suit can be filed against Released Parties for any claim released as part of this Agreement.

Page 5 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

8.      **Confidentiality**. The Parties agree that all information, papers, communications, conversations and correspondence gathered in the course of the transaction that gave rise to this Agreement, including the existence of this Agreement and its terms and conditions, will be treated as confidential and shall not be communicated or disclosed to any other party in any manner or form, unless (i) required to be disclosed by state and/or federal law or by a court order. (ii) for the purpose of securing legal or accounting advice or services, to attorneys or accountants; (iii) for the purpose of determining and discharging income tax obligations, to any federal, state, or local government; (iv) as otherwise required by law; and (v) for the purpose of enforcing this Agreement.

Notwithstanding the forgoing, Plaintiff agrees that he shall keep the terms and conditions of this Settlement Agreement absolutely confidential, and neither he nor his attorneys shall publicize them to any other person, other than those set forth above. Without limiting the generality of the foregoing, Plaintiff agrees that he shall not respond to or in any way participate in or contribute to any public or private discussion, notice or other publicity concerning or in any way relating to the fact, execution or terms of this Agreement, or to the claims leading to the execution of this Agreement, other than to state that the matter has been settled confidentially. The confidentiality agreement set forth in this Paragraph shall apply except as prohibited by any federal, state or local law, ordinance or regulation, or public policies pertaining thereto.

9.      **Default by Plaintiff**. Plaintiff, directly or indirectly, defaults under the terms of this Agreement or breaches any terms hereunder, he will be disgorged of any monies paid under this Agreement and shall be obligated to return to Defendants all funds paid under this Agreement. If Plaintiff is unable to immediately repay the funds then Defendants shall be entitled to the entry of a judgment for the full amount of the monies paid. The judgment will be for a claim of fraud and shall not be dischargeable in bankruptcy. Plaintiff consents and agrees that any default, breach or violation of the Agreement and terms and conditions herein shall constitute fraud and not a breach of contract. In addition, Defendants shall no longer be obligated to pay any funds that had not already been paid under the Agreement. Defendants shall be entitled to recover their attorneys' fees and costs related to any actions taken related to the default, breach or violation of the Agreement and terms and conditions herein.

10.     **Non-Disparagement:** The Parties agree that they shall not disparage the other party or take any action which could reasonably be expected to adversely affect the other party's personal or professional reputation.   The Parties agreed that if either is asked about the Action, they will state that they have no comment about it subject to the confidentiality exceptions set forth herein. If asked about work, the Defendants shall limit their comments to the dates that the Plaintiff worked, and that he no longer works for the Defendants.

Page 6 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

**11.     No Liability.** The Parties acknowledge and agree that this Agreement is being entered into as compromises of disputed claims made by each party hereto against the other and that neither this Agreement nor any action taken hereunder shall be construed as an admission of liability on the part of any party hereto or any person or entity herein released, such liability being expressly denied by each party hereto.

**12.     Other Agreements.** The Parties acknowledge that this Agreement contains the full and complete agreement between and among them, and that there are no oral or implied agreements or understandings not specifically set forth herein. Each party acknowledges that no other party, or agent or attorney of any other party, or any person, firm, corporation or any other entity has made any promise, representation, or warranty, whatsoever, express, implied, or statutory, not contained herein, concerning the subject matter hereof, to induce the execution of this Agreement. Each signatory also hereby acknowledges that he or it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein. The Plaintiff warrants and represents that it has not assigned any claims in the Action or relating to the Action to any other person or entity and that it and only it has the right to settle the claims raised in or that could have been raised in the Action. The Parties further agree that no modifications of this Agreement may be made except by means of a written agreement signed by the Parties. Finally, the Parties agree that the waiver of any breach of this Agreement by any party shall not be a waiver of any other subsequent or prior breach.

**13.     Authority.** Each party warrants that it has the authority to enter into this Agreement for itself and its corporate affiliates. Each party agrees that this Agreement is not valid and binding until it is signed by the Plaintiff and the Defendants.

**14.     Counterparts, Effective Date and Location of Agreement:** The Parties agree that this Agreement may be executed in several counterparts; however, the parties further agree that each of said counterparts shall be deemed an original and that said counterparts shall constitute but one and the same instrument which may be sufficiently evidenced by one counterpart. Further, this Agreement may be executed by facsimile or electronic mail. Execution by facsimile or electronic mail shall be deemed to be execution in the original in accordance with Florida law. The executed signature page(s) from each original may be joined together and attached to one such original and it shall constitute one and the same instrument. The Parties also agree that while this Agreement may be executed on various dates and in different locations, this Agreement will be treated as having been made and executed in Miami-Dade County, Florida.

**15.     Paragraph Headings:** The headings of the paragraphs of this Agreement are inserted only for the purpose of convenience of reference, and the parties recognize and agree that these headings may not adequately or accurately describe the contents of the paragraphs which they head. Such headings shall not be deemed to govern, limit, modify,

Page 7 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

or in any manner affect the scope, meaning, or intent of the provisions of this Agreement or any part or portion thereof, nor shall they otherwise be given any legal effect.

**16.** **Capacity:** The Parties hereby represent and warrant that they are eighteen years of age or over and that they are suffering from no legal disabilities whatsoever; and that they are suffering from no mental or physical disability which would disable them from executing this release.

**17.** **Severability:** The provisions of this Agreement are severable and, if any part is found to be unenforceable, the other parts shall remain fully valid and enforceable.

**18.** **Agreement Deemed to Be Drafted Jointly.** This Agreement shall be deemed to be drafted jointly and shall not be construed more or less favorably towards any of the Parties by virtue of the fact that that party or its attorney drafted all or any part thereof.

**19.** **Independent Advice.** The Parties declare that the terms of this Agreement have been read and are fully understood. The Parties have had the advice of independent counsel of their choosing in connection with the matters referred to herein, and have executed and delivered this Agreement freely and knowingly after having received and duly considered such advice and counsel.

**20.** **Binding Agreement.** This Agreement and all its terms and provisions shall be binding upon and shall inure to the benefit of the Parties, and their respective heirs, executors, administrators, representatives, agents, officers, directors, employees, predecessors, successors, assigns, general partners, limited partners, members, affiliates, licensees, and insurers of the Parties hereto.

**21.** **Enforcement Action:** The Parties agree that in the event any party brings an action to enforce any of the provisions of this Agreement, the party prevailing in any such action shall also be entitled to recover, and the losing party shall be obligated to pay, the reasonable attorneys' fees and costs incurred in such proceeding, including attorney's fees and costs incurred in any appellate proceedings.

**22.** **Tax Liability:** The Parties assume responsibility for their own tax liability, if any, which may be created as a result of executing and/or complying with this Agreement. Specifically, Plaintiff and his counsel are responsible for their taxes related to any payments made hereunder, and Defendants are responsible for their taxes related to any payments made hereunder.

Page 8 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
E.A_____ (Escive Aurice Initials)

23. **Dismissal of Lawsuit:** The parties agree to file this settlement agreement on the docket and seek the Court's review and approval of this agreement. The parties and their counsel agree that this agreement represents a fair and reasonable compromise of disputed claims. The parties agree to seek the Court's dismissal of the lawsuit with prejudice conditioned upon the Court's reservation of jurisdiction to enforce the terms of the settlement agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed this Agreement as set forth below.

By: _____
Escive Aurice, individually

Date: _____

By: _____
Adel Abu Nassar, individually

Date: _____

Hibachi Grill, Inc.

By: _____

Its: _____

Date: _____

**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into this _____ day of _____, 2018 by and between Escive Aurice ("Plaintiff"), on one side, and Hibachi Grill, Inc. d/b/a Hibachi Asian Noodle Bar ("Hibachi"), and Adel Abu Nassar a/k/a Adel Abunassar (collectively, "Defendants") (collectively the "Parties").

**WHEREAS,** Plaintiff was employed by Hibachi;

**WHEREAS,** Plaintiff has alleged that he is owed damages and which claims are the subject of a lawsuit against the Defendants in the United States District Court for the Southern District of Florida **Case No.: 1:18-21488-civ-Cooke/Goodman** (the "Action");

**WHEREAS,** Defendants deny any and all liability for the claims asserted in the Action;

**WHEREAS,** the Parties now mutually desire to resolve any and all issues relating to the Action and generally between them;

**WHEREAS**, this Agreement is being made solely for the purposes of the settlement of the Action, and all other disputes between and among the Parties as set forth herein, and shall not act or be construed to act as an admission by any party as to the liability or validity of any claim or defense;

**WHEREAS,** prior to the signing of this Agreement, the Parties have had an opportunity to and in fact had counsel review this Agreement and explain their rights and obligations under and the legal effect of this Agreement;

**WHEREAS,** the Parties hereto have signed this Agreement of their own free will and volition, with the full recognition and understanding of their rights and obligations under and the legal effect of this Agreement; and

**NOW THEREFORE**, in consideration of the promises and covenants contained in this Agreement plus the mutual releases contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

**1.**     **Recitals and Exhibits:** The foregoing recitals are true and correct and incorporated as terms of this Agreement.

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

**2.      Attorneys' Fees Underlying Litigation:**  The Parties agree that each of them will be responsible for paying their own attorneys' fees, costs and expenses arising out of or connected with the Action and the preparation and execution of this Agreement.

**3.      Settlement Payment Terms.**  The Defendants agrees to deliver to the Plaintiff, as full and complete settlement, Eight Thousand Five Hundred Dollars ($8,500.00) ("Settlement Amount"), issued to Plaintiff without tax deductions on a 1099 tax form and fees and costs in a 1099 tax form, subject to the completion of a W-9 by both parties, broken down as follows:

The first payment due on August 1, 2018 in the amount of $2,000.00 shall be paid by Defendants to Escive Aurice;

The second payment due on September 3, 2018 in the amount of $2,225.00 shall be paid by Defendants to Koz Law, P.A.;

The third payment due on October 1, 2018 in the amount of $2,000.00 shall be paid by Defendants to Escive Aurice;

The fourth and final payment due on November 1, 2018 in the amount of $2,225.00 shall be paid by Defendants to Koz Law, P.A.

Defendants shall submit payment via check. Payment via check must be delivered to: Koz Law, P.A., 320 SE 9th Street, Fort Lauderdale, FL 33316. Out of the settlement proceeds, Plaintiff is receiving $4,000.00 and Plaintiff's counsel is receiving $4,500.00 as fees and costs._____

Payments are due as described in Paragraph 3 of this Agreement.  If payment is not received on the due date, the Plaintiff shall provide written notice of the failure to pay via electronic mail to the Defendant that said payment has not been received.  The notice must be sent via electronic message to:  efile@thefirmmiami.com and aresnick@thefirmmiami.com.

The Defendants shall have five (5) business days after receiving notice of the default to cure the default.  Should the last day that the payment to cure the default be due on a weekend or federal holiday, the payment will be due on the next business day.

**4.      Default by Defendants:**  If a payment is not timely received, and the default is not cured after notice, Plaintiff, through counsel, shall notify Defendants and shall be entitled to the entry of a Final Judgment for the sum of $15,000.00 (Fifteen Thousand Dollars) less all payments made by Defendants above.  Plaintiff may seek a Final Judgment by way of a motion without the necessity of a further hearing.  The only defenses shall be proof of timely payment or Plaintiff's failure to  provide proper notice.

Page 2 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

5.    **No Additional Claims or Charges.**   Plaintiff and Defendants warrant and represent that they have no additional administrative charges, lawsuits, civil actions or claims of any kind pending against each other or Defendants' predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees.  Plaintiff and Defendants agree to dismiss any other lawsuit or claim with prejudice with each side to bear their own fees and costs, without costs and waiving all rights of appeal.  Plaintiff expressly acknowledges that he has been fully compensated for his claims and that, to the extent any administrative agency seeks further recovery, that he would not be entitled to any further compensation.

6.    **No Admissions.** This Agreement does not constitute an admission by the Defendants or any Released Parties (as defined below) of any wrongdoing with regard to Plaintiff's employment with or termination of said employment with Hibachi, of any violation of any federal, state or local law, ordinance or regulation or of any violation of Hibachi's policies or procedures or of any liability or wrongdoing whatsoever.   Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing the Defendants or any Released Parties.

7.    **Release**. The Parties hereby agree to remise, release and forever discharge each other, including their respective shareholders, members, officers, directors, employees, agents, representatives, affiliate companies, contractors, personal representatives, successors, transferees and assigns, if applicable, of and from all actions, causes of actions, suits, debts, contracts, judgments, injuries, damages, claims and demands whatsoever, whether known or unknown, at law or in equity including, but not limited to, any liability or damages arising from or in connection with the Action or that could have been or was raised in the Action from the beginning of time through the date of this Agreement. Nothing in this release provision shall relieve any party of their obligations under this Agreement, or for any liability for breach of any term herein.

The disputes released by Plaintiff and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis.  This release includes all disputes for which Plaintiff and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.  The disputes released by Plaintiff and Defendants also include any and all disputes they may have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort

Page 3 of 9
**Confidential Settlement Agreement and Release**

_____  (Hibachi Initials)
_____  (Adel Abu Nassar Initials)
_____  (Escive Aurice Initials)

action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiff and Defendants. Plaintiff and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants further acknowledge that they may later discover facts in addition to or different from those which they now know or believe to be true. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement; that they assume the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

Notwithstanding the forgoing the claims released by the Plaintiff against the Defendants, and their shareholders, members, officers, directors, employees, agents, representatives, affiliate companies, contractors, personal representatives, successors, transferees and assigns (the "Released Parties"), includes, but is not limited to, claims arising under federal, state or local laws prohibiting employment discrimination or claims arising out of any legal restrictions on the Company's rights to terminate its consultants, including without limitation of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991. Specifically, Plaintiff does hereby irrevocably and unconditionally release, acquit, remise, and forever discharge the Released Parties from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action of whatever kind and character, in law or in equity, in contract or tort or public policy, both known and unknown, matured or unmatured, suspected or unsuspected, disclosed and undisclosed, actual and consequential, specific and general, however denominated for wages, overtime pay, front or back pay, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against the Released Parties, including claims arising under or relating to any rights or claims arising under:

A.  The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*
B.  Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;
C.  The Florida Human Rights Act and the Florida Civil Rights Act of 1992 codified in Chapter 760 of the Florida Statutes;
D.  The Labor Management Relations Act of 1947;
E.  The Equal Pay Act of 1963;

Page 4 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

F.   The Occupational Safety and Health Act of 1970;
G.   The Rehabilitation Act of 1973;
H.   The Health Maintenance Organization Act of 1973;
I.   The Immigration Reform and Control Act of 1986;
J.   The Family and Medical Leave Act of 1993 ("FMLA");
K.   Executive Orders 11141, 11246, and 11375;
L.   42 U.S.C. § 1981, § 1982, § 1983, § 1985, or § 2000;
M.   The Americans with Disabilities Act ("ADA");
N.   The Consolidated Omnibus Reconciliation Act ("COBRA");
O.   The Contractor Retirement Income Security Act of 1974 ("ERISA");
P.   The Civil Rights Acts of 1866, 1871, 1964 (including Title VII of that Act), or 1991;
Q.   The Miami-Dade County Human Rights Act;
R.   The Age Discrimination in Employment Act ("ADEA");
S.   The Internal Revenue Service Code;
T.   Chapter 448, Florida Statutes;
U.   Any claim for defamation;
V.   Any federal, state or local laws prohibiting employment discrimination;
W.   Any claims arising from alleged harassment, negligence or intentionally tortious conduct by the Released Parties occurring through the day of this release;
X.   Any claims for breach of contract, breach of fiduciary duty, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, misrepresentation, libel, slander or invasion of privacy occurring through the day of this release;  and
Y.   Any claims for damages, injuries, illnesses, worker's compensation, or complications now known or that may later be discovered, including all effects and consequences thereof.

The listing of specific types of claims as set forth above and herein ("Claims") is not intended to limit in any way the general and comprehensive scope of this release from Plaintiff to the Released Parties.  Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all Claims against the Released Parties, whatsoever, including but not limited to those arising out of or in any way connected with the employment or engagement of Plaintiff, at any time, from the beginning of the world to the date of execution by this Agreement.  Plaintiff further agrees that he will not file any claim or join in any claim as an individual or as a member of a class in any federal, state or local court or agency in regards to the Released Parties, but nothing herein shall be construed as any form of a bribe or other hindrance to give truthful testimony pursuant to a subpoena, lawful discovery request, or court order. Plaintiff recognizes that no suit can be filed against Released Parties for any claim released as part of this Agreement.

Page 5 of 9
**Confidential Settlement Agreement and Release**

_____. (Hibachi Initials)
_____. (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

8.     **Confidentiality**. The Parties agree that all information, papers, communications, conversations and correspondence gathered in the course of the transaction that gave rise to this Agreement, including the existence of this Agreement and its terms and conditions, will be treated as confidential and shall not be communicated or disclosed to any other party in any manner or form, unless (i) required to be disclosed by state and/or federal law or by a court order. (ii) for the purpose of securing legal or accounting advice or services, to attorneys or accountants; (iii) for the purpose of determining and discharging income tax obligations, to any federal, state, or local government; (iv) as otherwise required by law; and (v) for the purpose of enforcing this Agreement.

Notwithstanding the forgoing, Plaintiff agrees that he shall keep the terms and conditions of this Settlement Agreement absolutely confidential, and neither he nor his attorneys shall publicize them to any other person, other than those set forth above. Without limiting the generality of the foregoing, Plaintiff agrees that he shall not respond to or in any way participate in or contribute to any public or private discussion, notice or other publicity concerning or in any way relating to the fact, execution or terms of this Agreement, or to the claims leading to the execution of this Agreement, other than to state that the matter has been settled confidentially. The confidentiality agreement set forth in this Paragraph shall apply except as prohibited by any federal, state or local law, ordinance or regulation, or public policies pertaining thereto.

9.     **Default by Plaintiff**.   Plaintiff, directly or indirectly, defaults under the terms of this Agreement or breaches any terms hereunder, he will be disgorged of any monies paid under this Agreement and shall be obligated to return to Defendants all funds paid under this Agreement. If Plaintiff is unable to immediately repay the funds then Defendants shall be entitled to the entry of a judgment for the full amount of the monies paid.  The judgment will be for a claim of fraud and shall not be dischargeable in bankruptcy. Plaintiff consents and agrees that any default, breach or violation of the Agreement and terms and conditions herein shall constitute fraud and not a breach of contract. In addition, Defendants shall no longer be obligated to pay any funds that had not already been paid under the Agreement. Defendants shall be entitled to recover their attorneys' fees and costs related to any actions taken related to the default, breach or violation of the Agreement and terms and conditions herein.

10.     **Non-Disparagement:**  The Parties agree that they shall not disparage the other party or take any action which could reasonably be expected to adversely affect the other party's personal or professional reputation.   The Parties agreed that if either is asked about the Action, they will state that they have no comment about it subject to the confidentiality exceptions set forth herein.  If asked about work, the Defendants shall limit their comments to the dates that the Plaintiff worked, and that he no longer works for the Defendants.

Page 6 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

**11.     No Liability.** The Parties acknowledge and agree that this Agreement is being entered into as compromises of disputed claims made by each party hereto against the other and that neither this Agreement nor any action taken hereunder shall be construed as an admission of liability on the part of any party hereto or any person or entity herein released, such liability being expressly denied by each party hereto.

**12.     Other Agreements.** The Parties acknowledge that this Agreement contains the full and complete agreement between and among them, and that there are no oral or implied agreements or understandings not specifically set forth herein. Each party acknowledges that no other party, or agent or attorney of any other party, or any person, firm, corporation or any other entity has made any promise, representation, or warranty, whatsoever, express, implied, or statutory, not contained herein, concerning the subject matter hereof, to induce the execution of this Agreement. Each signatory also hereby acknowledges that he or it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein. The Plaintiff warrants and represents that it has not assigned any claims in the Action or relating to the Action to any other person or entity and that it and only it has the right to settle the claims raised in or that could have been raised in the Action. The Parties further agree that no modifications of this Agreement may be made except by means of a written agreement signed by the Parties. Finally, the Parties agree that the waiver of any breach of this Agreement by any party shall not be a waiver of any other subsequent or prior breach.

**13.     Authority.** Each party warrants that it has the authority to enter into this Agreement for itself and its corporate affiliates. Each party agrees that this Agreement is not valid and binding until it is signed by the Plaintiff and the Defendants.

**14.     Counterparts, Effective Date and Location of Agreement:** The Parties agree that this Agreement may be executed in several counterparts; however, the parties further agree that each of said counterparts shall be deemed an original and that said counterparts shall constitute but one and the same instrument which may be sufficiently evidenced by one counterpart. Further, this Agreement may be executed by facsimile or electronic mail. Execution by facsimile or electronic mail shall be deemed to be execution in the original in accordance with Florida law. The executed signature page(s) from each original may be joined together and attached to one such original and it shall constitute one and the same instrument. The Parties also agree that while this Agreement may be executed on various dates and in different locations, this Agreement will be treated as having been made and executed in Miami-Dade County, Florida.

**15.     Paragraph Headings:** The headings of the paragraphs of this Agreement are inserted only for the purpose of convenience of reference, and the parties recognize and agree that these headings may not adequately or accurately describe the contents of the paragraphs which they head. Such headings shall not be deemed to govern, limit, modify,

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

or in any manner affect the scope, meaning, or intent of the provisions of this Agreement or any part or portion thereof, nor shall they otherwise be given any legal effect.

**16.**   **Capacity:**  The Parties hereby represent and warrant that they are eighteen years of age or over and that they are suffering from no legal disabilities whatsoever; and that they are suffering from no mental or physical disability which would disable them from executing this release.

**17.**   **Severability:**  The provisions of this Agreement are severable and, if any part is found to be unenforceable, the other parts shall remain fully valid and enforceable.

**18.**   **Agreement Deemed to Be Drafted Jointly.**  This Agreement shall be deemed to be drafted jointly and shall not be construed more or less favorably towards any of the Parties by virtue of the fact that that party or its attorney drafted all or any part thereof.

**19.**   **Independent Advice.**  The Parties declare that the terms of this Agreement have been read and are fully understood.  The Parties have had the advice of independent counsel of their choosing in connection with the matters referred to herein, and have executed and delivered this Agreement freely and knowingly after having received and duly considered such advice and counsel.

**20.**   **Binding Agreement.**  This Agreement and all its terms and provisions shall be binding upon and shall inure to the benefit of the Parties, and their respective heirs, executors, administrators, representatives, agents, officers, directors, employees, predecessors, successors, assigns, general partners, limited partners, members, affiliates, licensees, and insurers of the Parties hereto.

**21.**   **Enforcement Action:** The Parties agree that in the event any party brings an action to enforce any of the provisions of this Agreement, the party prevailing in any such action shall also be entitled to recover, and the losing party shall be obligated to pay, the reasonable attorneys' fees and costs incurred in such proceeding, including attorney's fees and costs incurred in any appellate proceedings.

**22.**   **Tax Liability:** The Parties assume responsibility for their own tax liability, if any, which may be created as a result of executing and/or complying with this Agreement. Specifically, Plaintiff and his counsel are responsible for their taxes related to any payments made hereunder, and Defendants are responsible for their taxes related to any payments made hereunder.

Page 8 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)

23.    **Dismissal of Lawsuit:** The parties agree to file this settlement agreement on the docket and seek the Court's review and approval of this agreement. The parties and their counsel agree that this agreement represents a fair and reasonable compromise of disputed claims. The parties agree to seek the Court's dismissal of the lawsuit with prejudice conditioned upon the Court's reservation of jurisdiction to enforce the terms of the settlement agreement.

**IN WITNESS WHEREOF**, and intending to be legally bound hereby, the Parties have executed this Agreement as set forth below.

By:    _____
       Escive Aurice, individually

Date:  _____

By:    _____
       Adel Abu Nassar, individually

Date:  _____

Hibachi Grill, Inc.

By:    _____

Its:   _____

Date:  _____

Page 9 of 9
**Confidential Settlement Agreement and Release**

_____ (Hibachi Initials)
_____ (Adel Abu Nassar Initials)
_____ (Escive Aurice Initials)